GOLDSTEIN et al. v. NATHAN.

(Supreme Court, Appellate Term.   June 23, 1904.)

1. SALES—DELIVERY TO CARRIER—DESIGNATION—EVIDENCE.

    In an action for the price of goods sold, to be shipped from New York to the purchaser's residence, in California, evidence reviewed, and *held* insufficient to support a finding that the purchaser did not give shipping directions, or order the seller to ship by way of a certain carrier.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Joseph Goldstein and another against Jacob Nathan. From a Municipal Court judgment, plaintiffs appeal.   Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Fried & Frieman, for appellants.
Abrams & Lasky, for respondent.

FREEDMAN, P. J.   The defendant resides and does business at San Jose, Cal.   In July, 1903, he was in New York City, and ordered, at agreed prices, goods of the plaintiffs to the amount of $123.   Plaintiffs claim that they shipped all of the goods via the Sunset Route, that being the way by which the defendant ordered them shipped. The defendant claims that he gave no shipping instructions, and claims that when the goods arrived at his place of business there was only $34.60 worth, and this sum he admitted he owed the plaintiffs; and for this sum only plaintiffs had judgment, from which they appeal.

The appellants' counsel contends that the "whole question turns upon whether or not the defendant gave shipping directions to the plaintiffs at the time the order was given."   One of the plaintiffs, who took the order, testified positively that the defendant told him to "ship the goods by the Sunset Route by the 1st of August."   The order was given by the defendant in the office of one Lyons, whom the defendant, in his deposition, taken by commission, and read upon the trial, calls his "agent."   Lyons testified that, at the time the order was given, no shipping directions were given, but that subsequently the witness saw one of the plaintiffs; and he then said: "I told Mr. Goldstein that Mr. Nathan said that the package would be a small one, and to ship it up."   He further testified that Goldstein said he had shipped considerable goods to California over various routes; among them, mentioning the Sunset Route.   It is quite probable that the defendant did give shipping orders.   The goods were to be used by him in San Jose.   Necessarily they would have to be shipped.   This the defendant well knew.   If he gave no specific instructions for shipment, his agent did; and it is a significant fact, which tends very materially to support the plaintiffs' statement, that, although the defendant's testimony was taken upon a commission, he was not asked, nor did he testify, anything in regard to his instructions to the plaintiffs regarding the shipping of the goods.   The preponderance of proof, with the legitimate probabilities to be drawn

therefrom, is in favor of the plaintiffs' contention, and is sufficient to require the reversal of the judgment.

Judgment reversed. New trial ordered, with costs to the appellants to abide the event. All concur.